Jammie Don WHITE, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71–3501.

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 1972.

Jammie Don White, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:

On September 10, 1970 petitioner pleaded guilty to a Dyer Act violation alleged to have occurred around June 29, 1970. On May 14, 1971 he filed a § 2255 motion asserting these grounds: (1) Erroneous denial of a motion to have him committed for (mental) observation. As part of this ground White alleged that he had been released around the early spring of 1969 from Terrell (Texas) State Mental Hospital against medical advice. (2) Ineffectiveness of counsel in that the court-appointed attorney, knowing of petitioner's background, did not pursue the question of his mental state. (3) Use by the court of an incomplete pre-sentence report in violation of due process.

The sentencing court denied the petition without evidentiary hearing and without findings of fact and conclusions of law, the only finding being that the motion (and other motions made by White) were without merit, and denied a petition for rehearing.

The transcript of the sentencing proceedings reveals that at the time of sentencing there was before the court a motion for a psychiatric examination of White. His counsel called attention of the court to the motion and stated that before the court accepted a plea he wanted it to be aware that White had undergone psychiatric treatment in the past. Counsel gave as his opinion, however, that petitioner was "capable of pleading guilty." The trial court interrogated White who related that he had been committed to Terrell (Texas) State Hospital the preceding year for a "complete nervous breakdown," that he did not know how long he was hospitalized, and that he was not found of unsound mind but "came out against medical advice." The trial judge stated he would pass the matter and obtain a copy of the hospital reports. However, presumably with the aim of disposing of the cases of White and two codefendants at the same time, he changed his mind and there ensued a colloquy of considerable length concerning the facts of the offense, White's past criminal record, whether the vehicle was "stolen" or White merely participated in taking it into Texas when authorized only to take it from California to Arizona. In the process the court asked White whether he "felt that he was competent," and later whether he had any reason to doubt his mental capacity or his ability to assist his lawyer. The matter of obtaining hospital records was abandoned.

We pretermit the question of whether the standards for determining whether a defendant with respect to whom no motion has been filed under 18 U.S.C. § 4244 is competent to enter a plea, are the same as those for determining whether a § 4244 motion should be granted. We have no doubt that the level of competency required to enter a plea must be at least as high as that required to assist in defense, which is the standard of § 4244. In this instance the § 4244 motion was viable and counsel called the court's attention to its existence. The motion was not properly disposed of, requiring a reversal. Known to the court, by the motion itself, as supplemented by factual data brought out in the colloquy, United States v. McEachern, 465 F.2d 833 (5th Cir., 1972), as grounds for belief that White "may be . . . so mentally incompetent as to be unable . . . to assist in his own defense,"[1] was White's recent commitment, the reference to a complete nervous breakdown, his lack of knowledge of the length of the commitment, and the statement that he was released against medical advice. These were sufficient grounds to require a § 4244 examination. United States v. McEachern, *supra*. Inquiring of the accused whether he felt he was competent was valueless. Nor should the court in considering a § 4244 motion engage in what amounts to an evidentiary hearing on the issue of competency vel non. The question raised by such a motion is akin to probable cause, whether there is ground for belief that the accused *may* lack necessary competency—and if the standard is reached then the court has a mandatory duty to order psychiatric evaluation. United States v. McEachern, *supra*.

The case is remanded to the District Court which shall order a § 4244 examination of petitioner. Thereafter it will be the duty of the court to determine whether at this time it can conduct an adequate and meaningful hearing for the purpose of determining *nunc pro tunc* White's capacity to enter a plea in September 1970. If it determines that the evidence bearing on his competency to enter a plea on that date is insufficient to justify a hearing it need not conduct a useless proceeding, and it must then set aside the plea of guilty and vacate the conviction. If the court concludes it can have a meaningful hearing, and after hearing finds that at the time he entered his plea White was competent to do so, the competency issue will drop out of the case. If it concludes that White was not competent to enter the plea or that it is unable to an-

---

I. 18 U.S.C. § 4244.

swer the question one way or the other, the plea must be set aside. If the plea is set aside and White desires to again enter a plea at this time, the issue of his present competency to do so will be open. *Cf.* United States v. McEachern, *supra.*

In addition it appears that the court denied White's petition for rehearing of his § 2255 petition, which raised a new claim that petitioner was coerced by counsel into entering his plea. This raised matters that could not be decided on the records of the court. The denial without evidentiary hearing or response was error. Petitioner is entitled to an evidentiary hearing on this issue unless it is mooted by determination of the "competency to plead" question.

The claim concerning the presentence report is wholly lacking in merit.

Our disposition makes it unnecessary for us to consider petitioner's assertions that he has mailed to the sentencing court documents to this proceeding which it has no record of receiving and has not considered.

The petition for rehearing is granted. The cause is remanded to the District Court for further proceedings not inconsistent with this opinion.