Robert Charles THOMAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57066, 57067.

Court of Criminal Appeals of Texas.

Panel No. 1.

Feb. 15, 1978.

Rehearing En Banc denied March 15, 1978.

Tom Mills, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty. and John Tatum, Asst. Dist. Atty., Dallas, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

These are appeals from convictions for attempted rape and aggravated robbery. Appellant entered pleas of guilty before the trial court and received sentences of ten years and twenty years, respectively, in the Texas Department of Corrections.

In his sole ground of error, appellant contends that the trial court erred in failing to conduct a hearing to determine appellant's competency to stand trial. See Art. 46.02, Secs. 2, 3 and 4, Vernon's Ann.C.C.P.

On March 11, 1977, appellant entered his pleas of guilty. The trial court carefully admonished appellant under Article 26.13, Vernon's Ann.C.C.P., and additionally inquired into matters not required by that statute.[1] After the court ascertained that appellant fully understood the admonishments, it ascertained that appellant understood that he was waiving his trial rights; that he was satisfied with his representation by his attorney; that he was twenty-seven years old and had completed college with a degree in accounting; that he had worked as an accountant; that he had never been treated for mental illness; that he had a rational, as well as factual, under-

---

1. The trial court is to be commended for taking such care in inquiring into a defendant's understanding of the trial proceedings and his plea, especially where there is any question of incompetency.

standing of the proceedings; and that he understood all that the trial court had asked him and had no questions about the proceedings. Then the trial court questioned appellant's attorney, who stated that appellant had been able to aid and assist her in the preparation of his defense and that she thought that appellant had a factual, as well as rational, understanding of the proceedings. The court then ruled that appellant appeared to be mentally competent.

Appellant then testified as to the alleged offenses, after which the trial court found him guilty as charged. The record reflects that appellant subsequently wrote a letter to the trial judge, which was filed on March 21, 1977. In his letter, appellant apologized for committing the crimes and asked the judge for mercy in sentencing. He also stated that he did not understand why he had committed the offenses and said that he wanted help in overcoming his "sickness."

On April 1, 1977, the trial court sentenced appellant to serve the ten and twenty year terms. On April 5, appellant filed a pro se motion for new trial in both causes, in which he requested a psychiatric examination. On April 29, 1977, the trial court held a hearing on the motion for new trial. Appellant testified that he wanted a mental examination in order to "really know what [his] problem is." He stated that "sometimes I understand things and sometimes I don't." The trial court questioned him and ascertained that he had never before been treated for mental illness nor had he ever been adjudicated incompetent or insane. Appellant then stated that he had been placed in the "mental tank" in the county jail and that he had been put on medication.

His attorney stated again that he had been able to aid and assist her in the preparation of his defense and that he understood what went on, at his trial. Appellant then stated that he thought that he was not rational and competent at the time he committed the offenses, because "if [he] would've been [he] wouldn't have done it . . . ."

2. The docket sheet reflects that on April 29, 1977, the prior sentence was withdrawn in or-

The trial court then decided to appoint a psychiatrist to examine appellant.[2] The record reflects that a letter was sent to the trial judge by the psychiatrist, stating that the psychiatrist examined appellant and found him to be competent to stand trial.

The record then reflects that appellant made a pro se motion, dated May 11, 1977, for the appointment of an expert-witness psychiatrist. In this motion, he stated that there was a history of mental illness in appellant's family, and that the "issue of insanity has been an established fact since [the] date of arrest . . . ."

On May 20, the court continued the hearing on the motion for new trial. The court overruled the motion and stated:

"Show in the record, please, the Court has on two occasions prior to trial—one as a result of statements made by this Defendant at the last hearing—requested and appointed a psychiatrist to examine him. On both occasions the psychiatrist said that he was competent both prior to trial and after his request was made at the hearing last time this case was set and the Court finds that there is not sufficient evidence to support a finding of incompetency . . . ."

Appellant was then re-sentenced to the ten and twenty year terms.

We have concluded that appellant's ground of error is without merit; the trial court did not err in refusing to hold a hearing on appellant's competency to stand trial since the evidence before the court was not sufficient to raise that issue.

 It is well settled that the conviction of an accused, while he is legally incompetent to stand trial, violates due process. *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed.2d 835 (1956); *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr.App. 1975); *Perryman v. State*, 494 S.W.2d 542 (Tex.Cr.App.1973). The test of legal competence to stand trial is whether the accused has sufficient present ability to con-

der for the trial court to rule on appellant's motion for new trial.

sult with his lawyer with a reasonable degree of rational understanding and has a rational, as well as factual, understanding of the proceedings against him. Article 46.02, Sec. 1, Vernon's Ann.C.C.P.; *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Paul v. State*, 544 S.W.2d 668 (Tex.Cr.App.1976). Due process may, in certain circumstances, require that the trial court order a competency hearing, even absent any request to do so. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Paul v. State*, supra.

 In the instant case, the trial court was relieved of any responsibility to hold a *pre-trial* hearing by virtue of appellant's announcement of ready and entry of a guilty plea without any suggestion of incompetency. *Paul v. State*, supra; *Perryman v. State*, supra.

At trial, the record reflects that the court carefully inquired into the matter of competency at the time of the guilty plea. The trial court carefully questioned both appellant and his attorney, before accepting the plea. See *Almand v. State*, 536 S.W.2d 377 (Tex.Cr.App.1976).

After conviction, when appellant requested a psychiatric examination, the trial court had appellant examined. After such examination, the trial court ruled that there was no issue of incompetency raised. We agree. Appellant's insistence that he was "mentally sick" must be contrasted with the fact that his testimony at trial was clear and lucid; he admitted that he understood all of the proceedings; his attorney testified that he was able to assist in preparing his defense and that he understood the proceedings; a psychiatrist apparently examined him twice and both times found him to be competent.

A trial court is only required to sua sponte hold a competency hearing when sufficient facts or circumstances are brought to the court's attention, from any source, that create a reasonable doubt as to the competency of the appellant. *Bonner v. State*, supra; *King v. State*, 511 S.W.2d 32 (Tex.Cr.App.1974); *Perryman v. State*, supra; *Wages v. State*, 501 S.W.2d 105 (Tex. Cr.App.1973). In the instant case, all evidence before the trial court was insufficient to raise the issue of competency. *Paul v. State*, supra; *Almand v. State*, supra; *Jackson v. State*, 509 S.W.2d 570 (Tex.Cr. App.1974); *Perryman v. State*, supra; *Ainsworth v. State*, 493 S.W.2d 517 (Tex.Cr.App. 1973). Therefore, we hold that the trial court did not abuse its discretion in failing to hold a hearing on appellant's competency to stand trial. See *Ainsworth v. State*, supra.

Appellant's ground of error is overruled.[3]

The judgments are affirmed.

---

3. We note that there appears in the record a letter from appellant to the trial judge, filed October 3, 1977, in which appellant details his reasons for believing that he is mentally disturbed. His discussion of his innocence of his prior conviction for rape, his marital problems, and his employment problems does not suffi- ciently raise the issue of his incompetency. The fact that appellant is sorry that he committed the offenses and that he may have had personal problems and stresses when he committed the crimes does not affect his competency to stand trial for them.