**David Anthony GANIM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0917–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1982.

Mary M. Rawlins, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before EVANS, C. J., and WARREN, J.

OPINION

PER CURIAM.

After giving notice of appeal, but before the approval and filing of the appellate record, the appellant has filed a motion with this court, asking that it rule whether the trial court has continuing jurisdiction to grant a new trial prior to the filing of the

appellate record, and, alternatively, that this court certify such question of jurisdiction to the Court of Criminal Appeals.

In his motion, the appellant states that the appellate record has been completed but has not yet been approved by the trial judge. Attached to the motion is an affidavit of the trial judge, indicating his belief that an error in the court's charge to the jury warrants a new trial and expressing his concern about whether he has jurisdiction to grant a new trial under current provisions of the Code of Criminal Procedure. The affidavit further states that the trial judge has not approved the record in order that the appellant may have time to obtain a ruling on the question.

In his memorandum brief, submitted in support of his motion, the appellant contends that the trial court does have continuing jurisdiction to grant a new trial until such time as the record has been filed in the appellate court. He argues that the trial court's jurisdiction continues, despite the 1981 amendment to Tex.Code Crim.Pro. Ann. art. 40.09 (Vernon), which deleted section 12, making it the duty of the trial court to determine, within 30 days after the time for filing the state's brief, whether a new trial should be granted. Prior to the 1981 amendment of Article 40.09, Section 12 of that statute was interpreted as conferring continuing jurisdiction on the trial court to grant a new trial up to 30 days after the filing of the briefs in the Court of Criminal Appeals. *Resnick v. State,* 574 S.W.2d 558 (Tex.Cr.App.1978); *Perkins v. State,* 505 S.W.2d 563 (Tex.Cr.App.1974); *Ward v. State,* 520 S.W.2d 395 (Tex.Cr.App.1975). See also, *Summerford v. State,* 627 S.W.2d 468 (Tex.App.—Houston [1st Dist.] 1981, no writ). When Section 12 of article 40.09 was deleted by the 1981 amendment, no comparable section was added. Thus, there appears to be no statute which currently gives continuing jurisdiction to the trial court to grant a new trial, as contended by the appellant, up to the time of filing the appellate record.

However, at this stage of the appeal, there is no basis for determining whether the appellant's contention has merit. This court is not empowered to render an advisory opinion on the question of the trial court's jurisdiction, *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933), and until the appellate record has been approved and filed, and grounds of error are appropriately submitted for this court's determination, there is nothing for this court to review. Neither does there appear to be a basis for this court's certification of the question of the trial court's jurisdiction to the Court of Criminal Appeals for its decision.

The appellant's motion is denied.