Billy Ray KILLINGSWORTH, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–767CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 10, 1983.

Thomas Berg, Houston, for appellant.

Alvin Titus, Kay Burkhalter, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MAJORITY OPINION

ROBERTSON, Justice.

Appellant's appeals from convictions for forgery (331,542) and theft (334,603) have been consolidated. In each case, he entered a plea of nolo contendere and a plea of true to a previous conviction; his punishment was assessed at twenty years confinement. At issue on appeal is the propriety of the court in accepting such pleas prior to the receipt of a court ordered competency examination. We affirm.

On March 18, 1981, a complaint (Cause No. 331,542) was filed against appellant charging him with forgery. The next day he appeared in court for a "probable cause" hearing and, being without counsel, Ron Hayes was appointed. An indictment was returned on April 1, 1981, and on April 10, 1981, the case was reset for a pre-trial conference to be held on May 12, 1981. On that day, a motion signed by both Mr. Hayes and the prosecutor alleging only

> COMES NOW, the defendant, by and through his attorney and moves this Court to order that a member of Harris County Forensic Psychiatry Unit conduct an examination of the above named defendant

was granted by the court. The order of the court reads:

> MOTION GRANTED AS PRAYED FOR and it is hereby ordered that the above named defendant be transferred to the Harris County Forensic Psychiatry Unit of the Jefferson Davis Hospital on the date and the time designated by the Director of the Forensic Psychiatry Unit [for] examination and that he remain there until the examination is completed and that a copy of the examination report be filed in the official papers of this cause by 7/1, A.D.1981.

On May 13, 1981, another complaint (Cause No. 334,603) was filed against appellant charging him with felony theft, and he appeared in court the next day for a "probable cause" hearing. Again, appellant being without counsel, Mr. Hayes was appointed to represent him. An indictment

charging this offense was returned May 28, 1981. Appellant and his counsel appeared in court on this case on June 11, 1981, and July 13, 1981 trial date was set. Although this case was not pending when the "motion" for psychiatric examination was made, such a motion was never filed in this case concerning appellant's competency. On July 13, 1981, both the theft case and the forgery case were disposed of as above stated.

■ In his first ground of error, appellant contends "the court erred in accepting his pleas of nolo contendere and true prior to submission to the court of a written report of appellant's court ordered examination for competency to stand trial." Following the usual admonitions required to be given, and given in fact by the trial court, the following occurred:

THE COURT: Have you ever been treated for a mental illness or mental defect, sir?

THE DEFENDANT: No, sir.

THE COURT: Will Defense Counsel identify himself for the Record, please.

MR. HAYES: Yes, Your Honor. Ron Hayes.

THE COURT: You've had an opportunity to confer with the Defendant during this Representation?

MR. HAYES: Yes, I have, Your Honor.

THE COURT: Has he been able to give you a reasonable degree of assistance in the preparation of this case?

MR. HAYES: Yes, he has, Your Honor.

THE COURT: Do you feel that he understands the true nature and consequences of the charge pending against him?

MR. HAYES: I do, Your Honor.

THE COURT: Do you further believe that the Defendant is presently competent to stand trial?

MR. HAYES: Yes, Your Honor. And for purposes of the Record, the—uh—the clerk's file should reflect a result of competency examination that was administered by the Jeff Davis, Harris County Psychiatric Unit, dated—I'm sorry, Your Honor. I don't have a copy of the cur-

rent one, but he was sent to Jeff Davis Hospital. I understand there is a copy of [sic] the clerk's file to show that he was found competent. That was subsequent to my appointment on these two cases.

THE COURT: All right.

Further, the judgment in each case recites that it plainly appeared to the court that the defendant was mentally competent.

While conceding that the motion for psychiatric examination was not "a perfect motion," appellant argues it was sufficient and, by granting it, the court "inferentially found sufficient evidence to justify a psychiatric examination" on the issue of competency. We do not agree. We construe the court's order to be nothing more than it purports to be—a vehicle to have appellant removed from the Harris County Jail to the Harris County Psychiatric Unit for an examination requested by appellant's counsel and agreed to by the prosecutor. This motion did not raise the issue of competency and that portion of the proceedings, as set out above, concerning appellant's competency, conclusively shows that the issue was never raised at the time of appellant's plea. Further, in accordance with Tex.Code Crim. Pro.Ann. art. 26.13(b) (Vernon Supp.1982–1983), the court found appellant competent to stand trial. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends the court erred in denying his "timely filed objection to the record on appeal where appellant properly requested inclusion in the record of his court-ordered examination for competency to stand trial." This complained of report was never introduced into evidence at trial or on motion for new trial. It, therefore, was not a part of the appellate record. Appellant's second ground of error is overruled.

The judgments are affirmed.

MURPHY, Justice, dissenting.

I disagree with the majority's conclusion that the agreed Motion for Psychiatric Examination did not raise the issue of Appellant's competency.

A court may not accept a plea of nolo contendere "unless it appears the defendant is mentally competent and the plea is free and voluntary." Tex.Code Crim.Pro.Ann. art. 26.13(b) (Vernon Supp.1982–1983). Compliance with art. 26.13 is a condition precedent to the validity of a plea of nolo contendere, and compliance must be manifest in the record. *Ex parte Chavez,* 482 S.W.2d 175, 177 (Tex.Cr.App.1972).

It is well settled that the conviction of a person who is legally incompetent to stand trial violates the constitutional guarantee of due process. *Thomas v. State,* 562 S.W.2d 240, 242 (Tex.Cr.App.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 112, 58 L.Ed.2d 127 (1978). It is equally well settled that state procedures must be adequate to protect this right. *Martin v. Estelle,* 546 F.2d 177, 179 (5th Cir.), *cert. denied,* 431 U.S. 971, 97 S.Ct. 2935, 53 L.Ed.2d 1069 (1977). However, as I discuss later in this opinion, the mere fact that a court may order a psychiatric examination of an accused does not necessarily constitute a determination that an issue of competency exists, so as to affect the validity of a no contest plea. *Johnson v. State,* 564 S.W.2d 707, 711 (Tex.Cr.App.1977) (En Banc).

Provisions relating to incompetency to stand trial are contained in Tex.Code Pro. Ann. art. 46.02 (Vernon 1979), which in pertinent part states:

Sec. 1   Incompetency to Stand Trial

(a) A person is incompetent to stand trial if he does not have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against him.

(b) A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

Sec. 2   Raising the Issue of Incompetency to Stand Trial

(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

Sec. 3   Examination of the Defendant

(a) At any time the issue of the defendant's incompetency to stand trial is raised, the court may, on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competency to stand trial and to testify at any trial or hearing on this issue.

Sec. 4   Incompetency Hearing

(a) If the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial. This determination shall be made by a jury that has not been selected to determine the guilt or innocence of the defendant. If the defendant is found incompetent to stand trial, a further hearing may be held to determine whether or not the defendant is mentally ill and requires observation and/or treatment or hospitalization in a mental hospital for his own welfare and protection or the protection of others or whether he is a mentally retarded person as defined in The Mentally Retarded Persons Act (Article 3871b, Vernon's Texas Civil Statutes), and requires commitment to a mental retardation facility.

This case does not involve a § 4 hearing, for the alleged trial court error occurred at the inquiry stage. Therefore, I will emphasize the inquiry phase of the proceedings in the remainder of my discussion.

The first question in this case, then, is whether the trial judge erred in accepting Appellant's pleas of nolo contendere, having restricted his inquiry into Appellant's competency to the dialogue with Appellant and his attorney and without knowledge of the

contents of the court-ordered psychiatric report.

The statutory scheme and judicial interpretations of it are less than crystal clear, so I will take care at the outset to differentiate between the various procedures provided by art. 46.02 for determining whether a competency issue exists, and if so, what the court may, or must, do.

### THE FIRST STAGE—JUDICIAL INQUIRY INTO AN INCOMPETENCY CLAIM

The court's decision to make the initial inquiry is qualitatively different from a subsequent decision to impanel a jury to decide the competency issue, pursuant to art. 46.02, § 4, and different evidentiary procedures are to be followed in making each type of decision. *Garcia v. State*, 595 S.W.2d 538, 541 (Tex.Cr.App.1980). Less evidence, in terms of its quality, is required to trigger a § 2(a) inquiry hearing before the judge alone than is required for a § 4 incompetency hearing before a jury: Any amount of evidence of incompetency justifies a judicial inquiry, the very purpose of which is to determine whether or not the claim is baseless. In *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr.App.1980), the court said that an inquiry is prompted by *any* evidence: "... the question for the trial court is whether with respect to *incompetency* there is 'any' evidence or 'no' evidence." *Id.* at 613. (Emphasis in original).

"A proceeding to determine whether *such evidence exists* would be entirely proper under the current law... *If no evidence exists*, however, a separate hearing need not be held." *Id.* at 612 (emphasis in original), quoting *Williams v. State*, 543 S.W.2d 385, 386 n. 2 (Tex.Cr.App.1976).

Even though the pre-trial provision, § 2(a), does not explicitly say so, the evidence of incompetency prompting the inquiry may come from any source, without regard to the probative weight to be given that evidence. *Garcia v. State*, 595 S.W.2d at 541. *See also, Johnson v. State*, 564 S.W.2d 707, 710 (Tex.Cr.App.1978); and Tex.Code Crim.Pro.Ann. art. 46.02 § 2(b) (Vernon 1979) (relating to the receipt of evidence "from any source" during trial).

In a pre-trial context such as in the case at bar, the evidence which raises the issue may come to the attention of the court by written motion by the defendant or his attorney, or by some other means, prompting the court to make inquiry on its own motion. Tex.Code Crim.Pro.Ann. art. 46.02, § 2(a) (Vernon 1979). The first step in dealing with an incompetency issue which has somehow been raised is a judicial inquiry to determine whether the claim of incompetence is frivolous or has some merit.

In order to assist the court in weighing this evidence of incompetence, from whatever source it comes, the court may wish to appoint a disinterested mental health expert to perform an examination of the defendant to determine his competency to stand trial. Tex.Code Crim.Pro.Ann. art. 46.02, § 3 contains detailed provisions relating to such an examination, including the requirement that a report of the examination be returned to the court within thirty (30) days of the court order.

### WEIGHING THE EVIDENCE OF INCOMPETENCY AT THE INQUIRY HEARING

Once a judge decides to make an inquiry into incompetency, more formal evidentiary procedures are necessary. *Garcia v. State*, 595 S.W.2d at 541. If, in the inquiry stage, the court finds there may be some foundation to the claim, and there is some evidence which would support a finding of incompetency, a § 4 jury hearing is required. *Sisco v. State*, 599 S.W.2d at 613; *Martin v. Estelle*, 546 F.2d at 179.

If the issue of competency arises after the trial has begun, the trial judge need not make a § 2(b) inquiry unless the evidence of incompetency raises a "bona fide doubt as to competency" in the mind of the judge. *Mata v. State*, 632 S.W.2d 355, 358 (Tex.Cr. App.1982); *Dinn v. State*, 570 S.W.2d 910, 914, n. 4 (Tex.Cr.App.1978); *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1978). However, the "bona fide doubt" standard

does not apply to pre-trial procedure. *Sisco v. State,* 599 S.W.2d at 613. (see especially n. 16). At the pre-trial stage, the trial court has the duty

> ... to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency. *Id.*

Although the evidentiary procedures at the competency inquiry stage are relatively less formal than those at the jury hearing stage, I believe that due process at a minimum requires the trial judge before accepting a plea to take into account the fact that he had ordered a pre-trial competency examination pursuant to art. 46.02 § 3. An expert appointed under that provision is the "court's expert." *Von Byrd v. State,* 569 S.W.2d 883, 896 (Tex.Cr.App.1978) (En Banc). It seems patently clear that a psychiatric examination report, if one has been ordered, properly should be considered by the court as part of the inquiry process: is there any foundation to the accused's assertion of incompetency? I cannot see how a judge can arrive at an intelligent answer to that question without having the benefit of critical and objective information. "It is at this initial juncture that expert testimony is particularly valuable, for the existence of even a severe psychiatric defect is not always apparent to laymen." *Bruce v. Estelle,* 483 F.2d 1031 (5th Cir.1973), *appeal after remand,* 536 F.2d 1051, 1059 (5th Cir. 1976), *cert. denied,* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977).

The syntax of the statutory provision relating to the ordering of a psychiatric examination clearly contemplates that the issue of incompetency has already been raised by some means before the examination can be ordered: *"(a)t any time the issue of defendant's incompetency is raised,* the court may ... appoint disinterested experts ... to examine the defendant..." Tex. Code Crim.Pro.Ann. art. 46.02 § 3(a). (Emphasis added).

The time at which the competency examination is ordered has been held to be critical. In the case of *Lewis v. State,* 630 S.W.2d 809 (Tex.App.—Houston [1st Dist.] 1982, no pet.), the defendant filed a mid-trial motion for a psychiatric examination *after* the court had accepted his plea of nolo contendere. The Court of Appeals held that since the judge had questioned the accused and his lawyer and was satisfied that the plea was valid at the time it was offered, the later granting of request for a competency examination, without further evidence of incompetency, did not require the trial court to conduct a competency hearing. *Id.* at 810. *Accord, Dinn v. State,* 570 S.W.2d 910, 914 (Tex.Cr.App.1982).

In the case at bar, on the other hand, Appellant made a timely *pre-trial* motion for a competency examination, the motion was granted, and apparently the examination was conducted, all prior to the time the court accepted Appellant's pleas of nolo contendere. Unlike the situation in *Lewis v. State,* there is evidence in this record that Appellant had received psychiatric treatment at Ben Taub Hospital, that Appellant's brother is mentally retarded, and that his mother has a history of mental illness.

In this case the pre-trial motion to have an examination performed was not the same as, or even an attempt to approximate, an art. 46.02 § 2(a) motion, which in compliance with the statute would have expressly asserted Appellant's incompetency or disclosed some evidence of incompetency. One view of the function of a § 2(a) pre-trial motion is expressed in *McWherter v. State,* 607 S.W.2d 531 (Tex.Cr.App.1980). *McWherter* seems to indicate a defendant must include in his motion evidence which would support a finding of incompetence, and if he does so, a § 4 jury hearing is automatically required, eliminating any need for a § 2 inquiry hearing. *Id.* at 534. However, in the recent case of *Mata v. State,* the Court of Criminal Appeals seemed to disapprove of the *McWherter* interpretation, but never reached that issue since in *Mata* no pre-trial motion had been filed. 632 S.W.2d at 357. In the analogous

federal proceeding, a bare motion for a competency examination under 18 U.S.C. § 4244 (1969) (the federal statute similar to art. 42.06 of the Texas Code of Criminal Procedure) raises a question "akin to probable cause, whether there is ground for belief that the accused *may* lack necessary competency..." *White v. United States,* 470 F.2d 727, 728 (5th Cir.1972). (Emphasis in original). Regardless of what prompted the filing of Appellant's motion for an examination in the instant case, the judge could have denied the motion if he considered it to be frivolous or not filed in good faith. *Nelson v. State,* 629 S.W.2d 888, 890 (Tex.Cr.App.1982); *Stiehl v. State,* 585 S.W.2d 716, 719 (Tex.Cr.App.1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981); *U.S. v. McEachern,* 465 F.2d 833, 837 (5th Cir.), *cert. denied,* 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972).

I do not subscribe to the argument advanced by the State that under these circumstances the testimony of Appellant and his attorney was sufficient assurance to the judge that no real basis for claiming incompetency existed. It is possible that a person may display mental alertness and understanding of the proceedings while in discourse with a trial judge, and yet be incompetent to stand trial, or even insane. *See, Pate v. Robinson,* 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815 (1966). Inquiring of an accused whether he felt he was competent has been characterized as "valueless" when a pre-trial motion for a competency examination was not properly disposed of. *White v. United States,* 470 F.2d at 728. The demeanor of an accused at trial may be relevant to the issue of competency, but the appearance of competency cannot supplant a hearing on that issue when, as here, such an inquiry has been properly triggered. *Pate v. Robinson,* 383 U.S. at 386, 86 S.Ct. at 842.

Nor can it be argued that Appellant waived all non-jurisdictional defects, including violations of due process and procedural errors, by offering his pleas of nolo contendere. If Appellant was, in fact, incompetent to stand trial, it should be obvious that he could not have knowingly or intelligently waived any non-jurisdictional defects in the proceedings, including his right to have the court make a proper determination of his competency. *Id.* at 384, 86 S.Ct. at 841.

It has been held that a prosecutor's failure to disclose pertinent psychiatric evidence of a defendant's incompetence rendered the defendant's guilty plea invalid as a matter of law. *Ex parte Lewis,* 587 S.W.2d 697, 703 (Tex.Cr.App.1979). Without having the results of the court-ordered psychiatric examination in the case at bar, I would hold as a matter of law the trial court could not make an adequate inquiry into Appellant's competence. Similarly, no appellate court can determine whether Appellant's pleas were valid. Under the circumstances, since Appellant's convictions occurred relatively recently, in sustaining Appellant's first ground of error, I would abate this appeal and remand the case to the trial court for further proceedings as follows:

1. Pursuant to Tex.Code Crim.Pro.Ann. art. 46.02 § 3(c) et seq. (Vernon Supp. 1982–1983), and its own order dated May 12, 1981, the trial court should order Appellant's psychiatric report returned to the court within 30 days of receipt of the mandate in this case.

2. Taking the psychiatric report or any other relevant evidence into account, next the court should determine nunc pro tunc (retrospectively) whether at the time the pleas were accepted there was sufficient evidence of Appellant's incompetency to require a hearing before a jury.

3. If the court determines that sufficient evidence of Appellant's incompetency did exist at the time the pleas were accepted, the court must decide whether a meaningful retrospective hearing on competency before a jury under art. 46.02 § 4 can be held. *Martin v. Estelle,* 583 F.2d 1373, 1374 (5th Cir.1978).

4. If a retrospective determination of competency is not possible, the State would be allowed to retry Appellant for the substantive offenses, if he were found

**730**

competent to stand trial. *Martin v. Estelle,* 546 F.2d at 180.

5. If such a retrospective determination is practicable, then it must be determined under the standard of *Sisco v. State,* 599 S.W.2d 607, whether there was sufficient evidence to require a jury hearing at the time the pleas were accepted, and whether a jury can make a nunc pro tunc determination of Appellant's competency.

6. If sufficient evidence exists, and if such a determination were feasible, a jury must be impaneled to decide that issue.

7. If the court should find a determination to be unfeasible, it must grant Appellant a new trial and Appellant would remain in custody to answer the indictments.

The fact that Appellant was indicted for theft the day after the court granted the Motion for Psychiatric Examination in the forgery case and no such motion was filed in the theft case is, to me, a distinction without a difference. Both alleged offenses arose out of the same transaction. If Appellant was incompetent to stand trial in the forgery case, he was likewise incompetent to stand trial in the other.

I concur in the majority's holding with respect to Appellant's second ground of error, but for a different reason.

Appellant's second ground of error asserts the trial court erred in denying his timely objection to the record for failure to include the psychiatric report. The provisions of Tex.Code Crim.Pro.Ann. art. 40.09 § 7 relating to objection to the record on appeal refer to documents *which were at one time* before the court, but which have not been assimilated into the appellate record. *Williams v. State,* 441 S.W.2d 853 (Tex.Cr.App.1969). *See also, Harris v. State,* 453 S.W.2d 838 (Tex.Cr.App.1970); *Doby v. State,* 383 S.W.2d 418 (Tex.Cr.App. 1964); *cert. denied,* 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804 (1965). Appellant did not at any time during the proceedings or in his motion for new trial request the introduction into evidence of the missing psychiatric report. Contrary to the argu-

ment advanced by the State, Appellant could not have relied on Tex.Code Crim.Pro. Ann. art. 44.11 pertaining to lost portions of the record, because the report was never before the court and, thus, could never have been a part of the trial record. The sentence was entered September 10, 1981. Motion for new trial was filed that same day. The order overruling Appellant's motion for new trial was signed on November 3, 1981. Appellant's objection to the record was filed January 27, 1982, at which point the trial court was without jurisdiction to take any action, except to approve or disapprove the record. *See, Ganim v. State,* 638 S.W.2d 628, 629 (Tex.App.—Houston [1st Dist.] 1982, no pet.). I would overrule Appellant's second ground of error but would abate this appeal for the reasons previously mentioned.