OPINION
NYE, Chief Justice.
Rosa Sifuentez appeals from a conviction in the County Court of Willacy County for failure to report child abuse. After a plea of guilty was entered, she was sentenced to six months in the county jail. Appellant complains of two grounds of error: 1) that the trial court denied her a court reporter; and 2) that the trial court denied her a competency hearing. We reverse the conviction and remand the case for a new trial.
The record in this case, which is nothing more than a thirty-two-page transcript, reveals only the following relevant facts. Appellant was charged by information on October 19, 1984, with failure to report child abuse. The State announced ready for trial on the same day. On October 30, *450 1984, appellant requested appointment of counsel and one was appointed. The case was set for trial on the next day. The docket sheet, our only record of the court proceedings, shows that, in all of appellant’s appearances in open court, an interpreter was used. On the day of trial, appellant’s appointed counsel requested a jury trial; however, it appears that a jury trial was later “passed” at defense counsel’s request. For some reason, the case was not tried on October 31. On February 14, 1985, appellant waived trial by jury and the reading of the information. She then “plead true to the charge and waived appearance of witnesses,” according to the docket sheet. Appellant then “changed her plea to nolo contendere and then again to a plea of guilty.” The prosecution apparently recommended dismissal of other cases for the same offense in return for appellant’s guilty plea. Appellant’s counsel requested a competency hearing and that appellant receive medical attention. These requests were denied. The trial court then found appellant guilty and sentenced her to the six-month term. The trial court, however, ordered that some arrangements for an unspecified type of counseling be made for the appellant.
A standard form judgment and sentence with the appropriate blanks filled in was signed on February 26, 1985. It recited that appellant appeared to be mentally competent and that there were no plea agreements. Appellant filed a motion for new trial on March 11, 1985, which was denied on March 15. On May 14, 1985, appellant filed a written bill of exceptions which recited that defense counsel had objected to the absence of a court reporter and that defense counsel had requested a competency hearing for appellant because she “appeared mentally disoriented and unstable” and because appellant’s daughter, a “co-defendant” and the alleged child abuser, had previously been found incompetent to stand trial. This document also recited that the trial court denied the request as untimely, based on the court’s reading of TEX.CODE CRIM.PROC.ANN. art. 46.02 (Vernon 1979) as requiring competency hearings only prior to trial.
It appears to us from the scant record that some question as to appellant’s mental competency existed during the guilty plea process. The record also contains a conflict on whether the guilty plea was entered on appellant’s own or whether it resulted from a plea bargain. Without a statement of facts transcribed by a court reporter, we are unable to say whether appellant’s guilty plea was voluntary, knowing, and intelligent. Cf. Mata v. State, 632 S.W.2d 355 (Tex.Crim.App.1982).
In Mata, the Court of Criminal Appeals explained the procedure under art. 46.02 which a trial court is to follow any time a criminal defendant raises the issue of competency. See id. at 357-59. It then examined the statement of facts to satisfy itself that the trial court in the case before it had made an adequate inquiry into the defendant’s competence to enter a plea of guilty. Id. at 358-60. See also Thomas v. State, 562 S.W.2d 240 (Tex.Crim.App.1978); Killingsworth v. State, 654 S.W.2d 724 (Tex.App.—Houston [14th Dist.] 1983, pet. ref’d). By contrast, the docket sheet and the judgment form in the case before us do not reveal that any inquiry occurred whatsoever into appellant’s mental competence. In fact, appellant’s bill of exceptions affirmatively claims that the trial court refused to make any inquiry because of an error of law. See art. 46.02.
It is well-settled law in this State that a court reporter must be used if requested by the defendant. Failure to grant the request is reversible error, and no showing of harm is needed. Soto v. State, 671 S.W.2d 43, 45-46 (Tex.Crim.App.1984); Carter v. State, 664 S.W.2d 131, 132 (Tex.App.—Corpus Christi 1983, no pet.). See TEX.CODE CRIM.PROC. ANN. art. 40.09 (Vernon Supp.1986). The State argues that a guilty plea waives all but jurisdictional defects, citing Hoskins v. State, 425 S.W.2d 825, 829-30 (Tex.Crim.App.1967). However, we believe that the rule cannot apply where the very validity of the guilty plea is in question. A guilty plea waives *451 only nonjurisdictional defects in the prior proceedings. See King v. State, 687 S.W.2d 762, 766 (Tex.Crim.App.1985) (Clinton, J., concurring).
In civil cases, it has been uniformly held that, even in default judgment cases, if an appellant exercises due diligence and through no fault of his own is unable to obtain a statement of facts, a new trial should be granted. Rogers v. Rogers, 561 S.W.2d 172 (Tex.1978); Texas Crushed Stone Co. v. Baker, 576 S.W.2d 894 (Tex.Civ.App.—Tyler 1979, no writ); Garcia v. Kelly, 565 S.W.2d 112 (Tex.Civ.App.—Corpus Christi 1978, no writ).
The rule appears to be instructive in criminal cases, where the guilty plea is taken as admitting all of the facts alleged in the indictment. Fairfield v. State, 610 S.W.2d 771, 780 (Tex.Crim.App.1981). In default judgment cases, the defendant is deemed to have admitted all of the material allegations in the plaintiff’s petition, yet in such cases, reversal is mandatory. Roberts v. Roberts, 621 S.W.2d 835, 837 (Tex.App.—Waco 1981, writ ref’d n.r.e.). If justice is to prevail, a complete recording of the trial, whether as a result of a guilty plea or a full-blown trial, is necessary to protect the sanctity of the proceedings.
The judgment of the trial court is REVERSED and the cause REMANDED.