ACCEPTED
03-15-00238-CR
8017102
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 3:34:54 PM
JEFFREY D. KYLE
CLERK

COURT OF APPEALS NUMBER 03-15-00238-CR

(District Court Number 71,326)

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 3:34:54 PM
JEFFREY D. KYLE
Clerk

\* \* \* \* \* \* \* \* \* \*

IN THE COURT OF APPEALS FOR

THE STATE OF TEXAS

(Third Supreme Judicial District)

\* \* \* \* \* \* \* \* \* \*

TRACY LARANCE GORDON

Appellant

vs.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*

Appealed from the 264th Judicial District

Court of Bell County, Texas

\* \* \* \* \* \* \* \* \* \*

APPELLANT'S MOTION TO WITHDRAW
AND BRIEF

\* \* \* \* \* \* \* \* \* \*

Respectfully Submitted,

TROY C. HURLEY
Attorney for Appellant
P.O. Box 767
312 East Central Avenue
Belton, Texas 76513
(254) 939-9341
SBA No. 1031200

## LIST OF PARTIES

TRACY LARANCE GORDON, Appellant
TDCJ No. 01990081
Poluncky Unit
3872 FM 350 South
Livingston, Texas 77351


MICHAEL F. WHITE, Attorney at Trial
100 Kasberg Drive, Suite A
Temple, Texas 76502


TROY C. HURLEY, Attorney on Appeal
P.O. Box 767
Belton, Texas 76513


BOB D. ODOM, Attorney for State
P.O. Box 540
Belton, Texas 76513

# TABLE OF CONTENTS

ITEMS                                                          PAGES

LIST OF PARTIES.................................... i

INDEX OF AUTHORITIES.............................. iii

PRELIMINARY STATEMENT.............................. 1

FRIVOLOUS APPEAL STATEMENT......................... 4

CONCLUSION........................................ 9

CERTIFICATE OF SERVICE UPON STATE................. 10

CERTIFICATE OF SERVICE UPON APPELLANT............. 11

CERTIFICATE OF COMPLIANCE......................... 12

LETTER OF TRANSMITTAL TO APPELLANT................ 13

APPELLANT'S MOTION FOR *PRO SE* ACCESS TO THE
APPELLATE RECORD.................................. 14

CERTIFICATE OF COUNSEL............................ 17

# INDEX OF AUTHORITIES

CASES                                                              PAGES

**Anders v. California**, 386 U.S. 738, 18 L.Ed. 2d 493,
                    87 S.Ct. 1396 (1967)........... 4

**Currie v. State**, 516 S.W. 2d 684(Tx.Cr.App. 1974).. 4

**High v. State**, 573 S.W. 2d 807 (Tx.Cr.App. 1978)... 4

**Killingsworth v. State**, 654 S.W.2d 724 (Tx.App. 14
                    Dist. 1983, pet. ref.)........ 6

**Morales v. State**, 587 S.W.2d 418 (Tx.Cr.App. 1979). 6

**Ring v. State**, 450 S.W.2d 85 (Tx.Cr.App. 1970)..... 6

**Thomas v. State**, 562 S.W.2d 240 (Tx.Cr.App. 1978).. 6

**Tupper v. State**, 506 S.W.2d 858 (Tx.Cr.App. 1974).. 7

**Whitten v. State**, 587 S.W. 2d 156 (Tx.Cr.App. 1979) 6

**Ybarra v. State**, 960 S.W.2d 742 (Tx.App. 6
                    Dist. 1997)........ 7


OTHER

**Vernon's Annotated Code of Criminal Procedure**
     **Article 26.13**…................................4, 7
     **Article 26.13(a)(2) and (3)**….................... 5
     **Article 26.13(a)(4)**…............................ 6
     **Article 26.13(b)**…............................... 6
     **Article 26.13(c)**…............................... 7

**Vernon's Texas Code Annotated**

**V.T.C.A., Health and Safety Code**, Section 481.115..2, 5


**V.T.C.A., Penal Code**, Section 12.35.............. 5

No. 03-15-00238-CR

(District Court Number 71.326)

| | | |
|---|---|---|
| TRACY LARANCE GORDON | ° | IN THE THIRD COURT OF APPEALS |
| Appellant | ° | |
| | ° | |
| VS. | ° | THIRD SUPREME JUDICIAL |
| | ° | |
| THE STATE OF TEXAS | ° | DISTRICT, AUSTIN, TEXAS |

## APPELLANT'S MOTION TO WITHDRAW
## AND BRIEF

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF APPEALS:

COMES NOW the undersigned Court Appointed Attorney for the Appellant on appeal only and respectfully moves the Court to allow him to withdraw as counsel herein for the reason that he has carefully examined the record herein and the law applicable to Appellant's case and is unable to find any supportable grounds for appeal and has concluded that the appeal of this cause is wholly frivolous and in support hereof respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

Appellant, Tracy Larance Gordan, was charged with the felony offense of Possession of a Controlled Substance, to-wit: Cocaine Less Than One Ounce as

-1-

prohibited in **V.T.C.A., Health and Safety Code**, **Section 481.115.** He waived a jury (CR-I-31 through 32; RR-V-78) and entered a plea of guilty to the indictment (RR-V-78) before the 264th District Court of Bell County, Texas, Judge Martha Jane Trudo presiding, on February 3, 2015. There was no plea bargain with the State of Texas that the defendant receive an agreed sentence, only an agreement that the sentences of this case and two (2) others would all run concurrently (CR-I-33: RR-V-79). The trial judge accepted the plea bargain (RR-VI-42).)

The punishment phase of the trial was held before the 264th District Court of Bell County, Texas, Judge Martha Jane Trudo presiding, on March 19, 2015.

Appellant was found guilty (CR-I-42 through 44; RR-VI-40) and his punishment was set by the Trial Court at two (2) years in the Texas Department of Criminal Justice, State Jail Division, and no fine (CR-I-42 through 44; RR-VI-40). Appellant filed a timely Notice of Appeal (CR-I-45).

References to the record in the brief are based on the following chart:

Clerk's Record—CR-I

Reporter's Record:

RR-II—Habeas Corpus Hearing held on May 3, 2013.

RR-III—Pretrial Hearing held on January 8, 2015.

RR-IV—Pretrial Hearing held on January 12, 2015.

-2-

RR-V-Sentence Hearing held on February 3, 2015.

RR-VI-Sentence Hearing held on March 19, 2015.

RR-VII-Exhibit Volume

## FRIVOLOUS APPEAL STATEMENT

The undersigned Counsel, appointed to represent Appellant on appeal, after having fully examined the record herein, is of the opinion that said appeal is wholly frivolous and without merit and that no arguable points on appeal nor authorities to support such points are to be found in the record. Counsel, however, respectfully offers the following evaluation of the record as required in **Anders v. California**, **386 U.S. 738, 18 L.Ed. 2d 493, 87 S.Ct. 1396 (1967)**; **High v. State**, **573 S.W. 2d 807 (Tx.Cr.App. 1978)**; **Currie v. State**, **516 S.W. 2d 684(Tx.Cr.App. 1974)**.

The judgment of conviction herein was based upon Appellant's plea of guilty (RR-V-78), Appellant having waived a jury both orally before the Trial Court (RR-V-78) and in writing (CR-I-31 through 32). The State and the Court both joined in that jury waiver.  The acceptance of Appellant's plea by the Trial Court was thus governed by **Article 26.13, V.A.C.C.P.**  That article requires the Court to admonish the accused as to certain specific matters prior to accepting his plea of guilty.

First, the Court must advise the defendant as to the range of punishment for the particular offense. In this case the Trial Court advised Appellant that the range of punishment for the offense of Possession of a

-4-

Controlled Substance, to-wit: Cocaine Less Than One Ounce is not less than one-hundred eighty (180) days or more than two (2) years in the state jail and a fine of up to $10,000.00 (RR-V-75 and 76). **V.T.C.A., Health and Safety Code, Section 481.115** provides that Possession of a Controlled Substance, to-wit: Cocaine Less Than One Ounce is a State Jail felony. **V.T.C.A., Penal Code, Section 12.35** provides that a state jail felony is punishable by imprisonment for not less than 180 (180) days and not more than two (2) years and may include a fine of up to $10,000.00. The Court thus properly admonished Appellant concerning the range of punishment possible for the offense.

**Article 26.13(a)(2) and (3), V.A.C.C.P.,** requires the Court to make certain admonitions to the accused if his plea is in response to a plea bargain with the State. The Trial Court did advise Appellant that there was no plea bargain agreement in the case regarding the sentence the Appellant would receive. There was only an agreement between the State and the Appellant that the sentence he would receive would run concurrently with his sentence in Cause Number 71,325 (Appellate Number 03-15-00239-CR) and Cause Number 71,792 (Appellante Number 03-15099240-CR) (RR-VI-40).

These admonishments, therefore, were immaterial to

this case and not required in order for the Court to be in substantial compliance with the statute. **Whitten v. State**, 587 S.W. 2d 156 (Tx.Cr.App. 1979).]

The Trial Court did not admonished Appellant as to the potential effect of a plea of guilty upon him should he not be a citizen of the United States because the Appellant advised the Trial Court that he was a citizen of the United States of America(RR-V-73 and 74). Terefore, such admonishments were not as required by **Article 26.13(a)(4)**, **V.A.C.C.P.**

Finally, the Trial Court is required to ascertain that the defendant is mentally competent and that the plea of guilty is freely and voluntarily entered. **Article 26.13(b)**, **V.A.C.C.P.** Appellant acknowledged that his plea was freely and voluntarily entered because he was, in fact, guilty and for no other reason (RR-V-79). The Trial Court inquired of Appellant's counsel regarding his competency and found Appellant to be mentally competent prior to accepting his plea (RR-V-78). **Killingsworth v. State**, 654 S.W.2d 724 (Tx.App. 14 Dist. 1983, pet. ref.) This finding was also based upon an extended dialogue between Appellant and the Trial Court. There was no issue raised as to his competency. **Morales v. State**, 587 S.W.2d 418 (Tx.Cr.App. 1979); **Thomas v. State**, 562 S.W.2d 240 (Tx.Cr.App. 1978); **Ring**

-6-

**v. State**, 450 S.W.2d 85 (Tx.Cr.App. 1970). Further, there is a recital in the Judgment to the effect that the Appellant appeared to be mentally competent (CR-I-42 through 44). **Tupper v. State**, 506 S.W.2d 858 (Tx.Cr.App. 1974)

There was clearly substantial compliance with **Article 26.13, V.A.C.C.P.** and such compliance is sufficient absent a showing that the accused was not aware of the consequences of his plea or that he was in some way misled or harmed by the admonishments of the Court. **Article 26.13(c), V.A.C.C.P.** The record as a whole clearly shows that Appellant was aware of the consequences of his plea and no such harm can be shown.

In support of Appellant's plea of guilty the State offered a Written Stipulation and Judicial Confession, signed by Appellant and his Counsel, wherein he admitted each and every element of the offense charged against him in the indictment (CR-I-33 through 40). This instrument includes Appellant's acknowledgment and waiver of his right to remain silent and to confront and cross-examine the witnesses against him.

The Appellant admitted his guilt in writing (CR-I-33 through 40) and in sworn testimony (RR-VI-4). A judicial confession alone will sustain a conviction on a guilty plea and when a defendant testifies and admits guilt, he waives any error that might have occurred.

-7-

**<u>Ybarra v. State</u>, 960 S.W.2d 742 (Tx.App. 6 Dist. 1997)**

The indictment (CR-I-1 and 2) and the Judicial Confession (CR-I-33 through 40) contained all of the statutorily required elements of the offense charged against the Appellant. The Trial Court carefully inquired as to the fact that all waivers and consents executed by Appellant were freely and voluntarily entered, with full knowledge of the effect of those instruments. (RR-V-79). All the statutory requirements for the entry and acceptance of Appellant's plea of guilty and for the support of that plea have been fulfilled.

The Trial Court assessed punishment at two (2) years in the Texas Department of Criminal Justice, State Jail Division, and no fine (CR-I-42 through 43; RR-VI-40). This was within the statutory range for the offense with which Appellant was charged and convicted.

There were no objections made by the State or by the Defense nor ruled upon by the Court during the trial. The record clearly shows that Appellant freely and voluntarily entered his plea of guilty after proper admonishment by the Trial Court and that plea was supported by his written stipulation as well as his oral admission of the commission of the offense.

Appellant was allowed to fully testify and could have call witness in his behalf for the purpose of

-8-

urging leniency from the Court in punishment.

## CONCLUSION and PRAYER

Counsel for Appellant has examined the record herein and no arguable points of error can be found. Counsel, therefore, respectfully moves that he be allowed to withdraw as Attorney of Appellant herein.

Respectfully Submitted,

/s/ Troy C. Hurley_____
Troy C. Hurley
Attorney for Appellant
P.O. Box 767
312 East Central Avenue
Belton, Tx 76513
(254)939-9341
SBA# 10312000

## CERTIFICATE OF SERVICE UPON STATE

This is to certify that a true and correct copy hereof was served upon **Bob D. Odom,** counsel for the State of Texas, at the Bell County District Attorney's Office in Belton, Texas, on this the 30th day of November, 2015.

/s/ Troy C. Hurley_
Troy C. Hurley
Attorney at Law

## CERTIFICATE OF SERVICE UPON APPELLANT

I, the undersigned court-appointed counsel for Appellant, hereby certify that a true and correct copy hereof has been served upon the Appellant by depositing same, properly addressed to him:

TRACY LARANCE GORDON
TDCJ No. 01990081
Poluncky Unit
3872 FM 350 South
Livingston, Texas 77351

in the United States Mail by First Class and Certified Mail.  I further certify that a letter to Appellant, which is attached hereto, accompanied the copy of the brief and advised him of his right to add to or delete from this brief and to file a brief of his own.

Appellant was also advised of his right to a copy of the record of the proceedings against him.

SIGNED this 30th day of November, 2015.


/s/ Troy C/ Hurley
Troy C. Hurley
Attorney at Law

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the length limitations of Texas Rule of Appellate Procedure 9.4(i)(3) as this brief contains one thousand seventy-six (1,076) words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1); a number which is less than the 15,000 words allowed under Rule 9.4(i)(2)(B).

I also certify that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because this has been written with a conventional typeface using a 14-point font (with footnotes no smaller than 12-points) using Microsoft Office Word 2010 (version 14), in Courier New font.

<u>/s/ Troy C. Hurley</u>
Troy C. Hurley

# TROY C. HURLEY
## Attorney at Law
**P.O. Box 767**
**312 East Central Avenue**
**Belton, Texas 76513**
**(254) 939-9341   FAX (254) 939-2870**

November 30, 2015

TRACY LARANCE GORDON, Appellant
Inmate No. 01990081
Polunsky Unit Unit
3872 FM 359 South
Livingston, Texas 77351

Re:    Tracy Larance Gordon v. State of Texas
       Cause No. 03-15-00238-CR
       (Dist. Ct. No. 71,326)

Dear Mr. Gordon:

Enclosed you will find a copy of the brief which we are
filing in your behalf in the Texas Court of Appeals in
Austin, Texas.  You
are hereby advised that you have a right to add to or
delete from this brief should you desire to do so. You
also have the right to raise additional grounds of
appeal by filing a pro se brief of your own in this
case.

I have also enclosed a APPELLANT'S MOTION FOR *PRO SE*
ACCESS TO THE APPELLATE RECORD for your use to aid you
in obtaining the Appellate record from the District
Clerk of Bell County, Texas. Address the envelope to
the Third Court of Appeals in Austin, Texas.  The
address is in paragraph IV. Of the Motion.

We would further advise you that, as an indigent, you
may request a record in your case by contacting the
District Clerk at the Bell County Courthouse in Belton,

-13-

Texas.  We will continue to keep you informed of the progress of your appeal.

Sincerely,


/s/_Troy C. Hurley__
Troy C. Hurley
Attorney at Law

Enclosure

**NO. 03-14-00000-CR**

IN THE THIRD COURT OF APPEALS
OF TEXAS
AT AUSTIN, TEXAS

**TRACY LARANCE  GORDON**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

**APPELLANT'S MOTION FOR *PRO SE*
ACCESS TO THE APPELLATE RECORD**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellant in the above styled and numbered cause and files this Motion for *Pro Se* Access to the Appellate Record.

I.

Appellant's appointed counsel has filed a motion to withdraw and brief in support of the motion, pursuant to *Anders v. California*, 386 U.S. 738 (1967).

II.

The undersigned Appellant wishes to exercise his right to review the appellate record in preparing to file a *pro se* response to the *Anders* brief that court-appointed counsel has filed in this case. By filing this motion, the

-15-

undersigned Appellant asks this Court to provide him with free, *pro se* access to the appellate record. See *Kelly v. State*, No. PD-0702-13, 2014 WL 2865901, at *3 (Tex. Crim. App. June 25, 2014)(designated for publication).

### III.

The undersigned Appellant is presently incarcerated and lacks access to a computer. For that reason, he respectfully requests that a paper copy of the appellate record be provided to him.

### IV.

This motion is addressed to the Third Court of Appeals, P.O. Box 12547, Austin, Texas 78711-2547. This motion is delivered to the Third Court of Appeals by U.S. Mail, on this the _____ day of _____, 2015.

WHEREFORE, PREMISES CONSIDERED, the Appellant respectfully prays that the Court grant this Motion for *Pro Se* Access to the Appellate Record.

Respectfully submitted,

_____
**Tracy Larance Gordon**
TDCJ# 01990081
Polunsky Unit
3872 FM 350 South_.
Livingston, TX 77351

APPELLANT *PRO SE*

NO. 03-15-00238-CR

TRACY LARANCE GORDON   § IN THE COURT OF APPEALS
                       §
v.                     § THIRD JUDICIAL DISTRICT
                       §
THE STATE OF TEXAS     § SITTING AT AUSTIN, TEXAS

## CERTIFICATE OF COUNSEL

In compliance with the requirements of Anders v. California, 386 U.S. 378 (1967), I, Troy C. Hurley, court-appointed counsel for appellant, [Name of Appellant], in the above referenced appeal, do hereby verify, in writing, to the Court that I have:  1. notified appellant that I filed a motion to withdraw as counsel with an accompanying Anders brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for Pro Se Access to the Appellate Record lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5. informed appellant of his right to seek discretionary review pro se should this Court declare

-17-

his appeal frivolous.

Respectfully submitted,

/s/ Troy C. Hurley

Attorney for Appellant